IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| LYNN M. SESTILI, | : | Case No. 04-23744-TPA |
| Debtor | : | Chapter 13 |
| | : | |
| RONDA J. WINNECOUR, Trustee, | : | |
| Movant | : | |
| | : | Related to Document Nos. 37, 44, 45, 50 |
| v. | : | |
| | : | |
| LYNN M. SESTILI, | : | |
| Respondent | : | |

## ORDER

The Debtor has filed her *Motion for the Recovery of Unclaimed Funds* at Document No. 50 ("Motion"), which is the culmination of a number of pleadings and hearings which having taken place in this matter concerning the Debtor's claim that she is entitled to a total of $1,303.38 in "unclaimed funds" returned by Risk Management Alternatives, 7775 Bay Meadows Way, Suite 302, Jacksonville, Fl 32256. For a number of reasons we will deny the *Motion*.

First of all, assuming that the Debtor is properly entitled to these funds the appropriate form of pleading to be filed is an adversary proceeding in the form of a complaint for turnover since the Debtor is attempting to sever property interests admittedly held by a third party. At the time of the Status Conference held on July 15, 2009 before this Court on a related matter involving letters

1

sent by the Debtor directly to the Court despite her being represented by Counsel, it became clear that the Debtor's belief as to the right to these funds was in error.

Risk Management Alternatives has not returned the funds indicating that it was not entitled to the monies. Rather, the funds have simply been returned because of a "bad" address. As far as the record in this case goes, it is clear that Risk Management Alternatives most likely is not even aware that a check had been delivered to it as payment of its claim consistent with the Debtor's Chapter 13 Plan.

Furthermore, at the hearing on July 15, 2009, Counsel for the Debtor admitted that Risk Management Alternatives was in fact entitled to these particular funds. As such, the Debtor has no colorable claim to these monies. The monies belong to Risk Management Alternatives but it simply have not taken possession of the monies as of this time. This is an occurrence which often happens in a number of the bankruptcy cases pending before this Court. As a result, a procedure has been set in place whereby the funds are returned and held by the Clerk pending appropriate claim by the appropriate party entitled to the funds. Risk Management Alternatives has yet to make a claim and until it does the funds will remain with the Clerk of the Bankruptcy Court. Nothing in this record supports the Debtor's claim to these funds.

Even if the Debtor were to file a complaint for turnover, based upon her admissions as to the proper party entitled to these funds, she could not articulate sufficient grounds to allow for the Court to ultimately award her the monies. Rather, she admits that the monies belong to Risk Management Alternatives. That is undisputed. As such, any complaint for turnover alleging an

2

entitlement in the Debtor to these funds, unless it is clear that she has subsequently obtained title to the funds or that Risk Management Alternatives has abandoned the funds, would be based upon spurious allegations. Such a pleading would run afoul of the clear mandate of *Fed.R.Bankr.P. 9011* and it would expose the Debtor and her lawyer to sanctions if it were prosecuted under the circumstances as they currently exist.

For all the above reasons,

*AND NOW*, this *17th* day of *July, 2009*, the Debtor's *Motion for Recovery of Unclaimed Funds* filed at Document No. 50 is *DENIED*.

_____
Thomas P. Agresti
United States Bankruptcy Judge

Case Administrator to Serve:
    Ronda Winnecour, Esq., Ch. 13 Trustee
    Debtor
    Debtor's Counsel

3

**FILED**

JUL 20 2009

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA